UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA


RUSTON PROPERTIES, L.L.C.                    CIVIL ACTION

VERSUS                                       NUMBER 08-209-FJP-DLD

TREASURE COAST BOATING CENTER, INC.,
PRO-LINE BOATS, INC
AND MERCURY MARINE


<u>**RULING**</u>

This matter is before the Court on the motions to compel
arbitration and stay proceedings by defendants Treasure Coast
Boating Center, Inc. and Pro-Line Boat.[1]  The plaintiff has filed
an opposition to this motion.[2]  For reasons set forth below, the
defendants' motions are granted.  The clear and binding language
set forth in the purchase agreement sets forth in detail the rights
and obligations of the parties in this case, including the
requirement that all disputes are subject to arbitration.

**I. Factual Background**

This case involves a claim of redhibtion stemming from the
sale of a 2007 Proline 32 Express sports fishing boat.  It is

---

[1]Rec. Doc. Nos. 18 & 23.

[2]Rec. Doc. No. 19.

undisputed that on February 28, 2007, John Ruston, on behalf of Ruston Properties, and Treasure Coast Boating Center, Inc. executed a purchase agreement setting forth the specific terms and condition of the sale.[3]  The parties were also required to sign a document required by the State which transferred the title of the boat to the plaintiff for licensing purposes.  This document is relied on by the plaintiff to oppose the motion to arbitrate.  This reliance is without merit as a matter of fact and law under the facts of this case.

**II. Law and Analysis**

**A. Federal Arbitration Act Applies In This Case.**

The right to arbitration arises from a private contract and is enforceable under federal law as well as under Florida and Louisiana law.  The Federal Arbitration Act (FAA) provides that:

> A written provision in any maritime transaction or a contract evidencing a transaction involving commerce to settle by arbitration a controversy thereafter arising out of such contract or transaction, or the refusal to perform the whole of any part thereof, or an agreement in writing to submit to arbitration an existing controversy arising out of a contract, transaction, or refusal, shall be valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract.[4]

The Federal Arbitration Act applies in this case because this Agreement clearly involves interstate commerce as required under the Act.  The contract of sale was effected in Florida by a Florida

---

[3]Rec. Doc. No. 18 Exhibit No. 5.

[4]9 U.S.C. § 2.

corporation with a Louisiana company involving the transport of a boat from Florida to Louisiana.  Additionally, the Fifth Circuit has outlined when federal law preempts state law on arbitration. The court in *Huber, Hunt & Nichols, Inc. v. Architectural Stone Co., Inc.,* held that an arbitration clause is enforceable by the United States Arbitration Act when the parties are from different states and the performance necessarily entails interstate commerce.[5]

**B. The Arbitration Agreement Is Broad In Scope And Encompasses Plaintiff's Claims.**

To ascertain whether the parties have agreed to arbitrate a particular claim, the Court must determine whether: (1) there is a valid agreement to arbitrate between the parties; and (2) the dispute in question falls within the scope of that arbitration agreement.[6]  As with any other contract, the parties' intentions control, but those intentions are generously construed in favor of arbitration.[7]  A valid agreement to arbitrate applies "unless it can be said with positive assurance that [the] arbitration clause is not susceptible of an interpretation which would cover the

---

[5]625 F.2d 22, 25 (5th Cir. 1980).

[6]*Webb v. Investacorp, Inc.*, 89 F.3d 252, 257-258 (5th Cir. 1996) (citing *Mitsubishi Motors Corp. v. Soler Chrysler-Plymouth, Inc.,* 473 U.S. 614, 626, 105 S.Ct. 3346, 87 L.Ed.2d 444 (1985).

[7]*Id.* at 626.

dispute at issue."[8]

In this case, there is a valid arbitration agreement contained in the purchase agreement which was signed by all parties.  A party's signature on a contract establishes a presumption the party saw and understood the terms of the contract.[9]  It is undisputed that the plaintiff in the instant case signed the purchase agreement.  Therefore, the Court must and does presume that the plaintiff understood the terms of the contract at the time  it signed the purchase agreement.  The intention of the parties to arbitrate is clearly established in a specific provision of the purchase agreement which requires arbitration.

The arbitration provision of the purchase agreement specifically provides that:

> [any] controversy or claim arising out of or relating to this Contract... shall be resolved by binding arbitration in accordance with the Commercial Arbitration Rules of the American Arbitration Association... any arbitration or court proceeding commenced by either party arising out of this Contract, or any alleged dispute, breach, or misrepresentation in connection with this Contract shall be brought exclusively in Martin County, Florida and that this Contract, and all dealings contemplated by this Contract, shall be construed and enforced in accordance with the internal laws of the State of Florida.[10]

---

[8]*Personal Sec. & Safety Systems Inc. v. Motorola Inc.*, 297 F.3d 388, 392 (5th Cir. 2002) (citing *Neal v. Hardee's Food Systems, Inc.*, 918 F.2d 34, 37 (5th Cir.1990)).

[9]*Barcelona v. Sea Victory Maritime, Inc.*, 619 So. 2d 741 (La. App. 4th Cir. 1993).

[10]Rec. Doc. No. 18. Exhibit No. 3.

The plaintiff argues this arbitration provision is narrow in scope because the language limits arbitration to only those claims that arise in connection with the purchase agreement.  However, the Fifth Circuit has established that the language "any dispute" in an arbitration provision is considered broad.[11]

The Court views the language of the contract in evaluating whether the arbitration clause covers the dispute at issue.  Plaintiff's suit is for alleged "vices and defects" in the vessel purchased from defendant Treasure Coast.  Specifically, the plaintiff has alleged mechanical and electrical problems with the shore side of the vessel, including the vessel's motor, and seeks, among other things, recision of the sale and full return of the purchase price of the vessel.  In deciding whether to compel arbitration, the Court may review the language of the arbitration agreement and the issue involved.  It is clear to the Court that all of the plaintiff's claims arise from or relate to the purchase of the vessel from Treasure Coast and therefore are within the scope of the clear and unambiguous language of the arbitration agreement.

The plaintiff's argument that the arbitration clause is unenforceable because it was not incorporated into the bill of sale is not relevant to the issue of the scope of the arbitration

---

[11]*Hornbeck v. Coastal Carriers*, 981 F.2d 752, 755 (5th Cir. 1983); *Sedco v. Petroleos Mexicanos Mexican Nat'l Oil*, 767 F.2d 1140, 1144(5th Cir.1985); *Neal v. Hardee's Food Systems, Inc.*, 918 F.2d 34, 38 (5th Cir. 1990).

agreement in this case.  The bill of sale and purchase agreement involve the same parties and serve the same purpose which is the sale of the vessel from Treasure Coast to Ruston Properties.  The Fifth Circuit has held that "[w]hen several documents represent one agreement, all must be construed together in an attempt to discern the intent of the parties, reconciling apparently conflicting provisions and attempting to give effect to all of them, if possible."[12]  The silence of the bill of sale as to the arbitration agreement does not create a conflict in intent of the parties. There was no need for the bill of sale to reference the arbitration agreement since the purchase agreement sets forth the rights and obligations of the parties, and the parties clearly intended to arbitrate a broad scope of issues.

**C. Arbitration Is Not Precluded by Louisiana Law.**

The court in *Synder v. Belmont Homes, Inc*. held that claims under Louisiana's law of rehibition are subject to arbitration.[13] The court stated:

> "Redhibtion is technically not a contractual cause of action, but it still arises from a breach of a contractual duty... It would contravene the purposes of the Arbitration act to allow a plaintiff to seek redress pursuant to the agreement but not be bound by one of the agreement's provisions.  It is only logical that claims arising from defects in the [product] would have been anticipated when the agreement was signed.

---

[12]*Richland Plantation Co. v. Justiss-Mears Oil Co., Inc*., 671 F.2d 154, 156 (5th Cir. 1982).

[13]2004-0445 (La. App. 1 Cir. 2/16/05); 899 So.2d 57.

Doc#45788                                6

This encompasses rehibition claims."[14]

The plaintiff in the instant case has a brought an action under the purchase agreement to recover the full amount of the purchase price of the vessel. Therefore, all terms and conditions of the agreement are binding and enforceable against the plaintiff.

The plaintiff further claims that Louisiana Revised Statute 51:1407 prohibits contractual selection of jurisdiction and venue and that arbitration of this claim would violate Louisiana law. However, the clear language of the statute clearly establishes that Louisiana Revised Statute 51:1407 is not applicable under the facts of this case. The statute lists the proper jurisdictions and venues which cannot be waived by any party engaged in unlawful practices declared by Louisiana Revised Statute 51:1405. Louisiana Revised Statute 51:1405 involves unlawful trade practices, and the plaintiff in the instant case has never raised this issue in its complaint. Therefore, the prohibition on waiver of jurisdiction and venue contained in Louisiana Revised Statute 51:1407 is not applicable under the facts of this case. Additionally, the plaintiff cites no relevant caselaw which suggests that Louisiana Revised Statute 51:1407 or any other Louisiana law prohibits parties to a contract of sale from agreeing to arbitrate the issue involved under the facts of this case.

---

[14]*Id*. at 61.

**D. Pro-Line Boats May Compel Arbitration And Did Not Waive Its Right To Arbitration.**

Pro-Line Boats did not sign the purchase agreement between Ruston Properties and Treasure Coast which contains the arbitration clause at issue.  However, the absence of Pro-Line's signature does not preclude it from asking the Court to compel arbitration in this case.  The doctrine of equitable estoppel allows a non-signatory to compel arbitration in two different circumstances: (1) when the signatory to a written agreement containing an arbitration clause must rely on the terms of the written agreement in asserting its claims against the non-signatory; and (2) when the signatory to the contract containing an arbitration clause raises allegations of substantially interdependent and concerted misconduct by both the non-signatory and one or more of the signatories to the contract.[15]

The factors above are present in this case and allow Pro-Line to compel arbitration.  The plaintiff is enforcing obligations created by the purchase agreement, namely the return of the consideration it paid for purchase of the vessel.  The plaintiff relies on the purchase agreement to support its claims.  However, the plaintiff is also bound by all of its terms and conditions. Since the plaintiff claims that both Treasure Coast and Pro-Line

---

[15]*Grigson v. Creative Artists Agency L.L.C.*, 210 F.3d 524, 527 (5th Cir. 2000) (quoting *MS Dealer Serv. Corp. v. Franklin*, 177 F.3d 942, 947 (11th Cir.1999)).

Boats are liable under redhibition, the defendants have interdependent misconduct.

The Court also finds that Pro-Line Boats has not waived its right to arbitration. The right to arbitration may be waived when the party seeking arbitration substantially invokes the judicial process to the detriment or prejudice of the other party.[16] Plaintiff relies on *Frye v. Paine, Webber, Jackson & Curtis, Inc.* to support its argument of waiver. In *Frye*, the defendant substantially invoked the judicial process to the detriment of the plaintiff. The defendants in *Frye* asserted arbitration only after one and one-half years of discovery and other pre-trial procedures. The court in *Frye* held that the plaintiff was prejudiced by the defendant's motion to compel arbitration. The *Frye* court supported this finding based on the expense the plaintiff incurred in defending various pre-trial motions and the passage of approximately two and a half years time from the filing of the complaint.

The *Frye* case and other similar cases relied upon by the plaintiff involved greater litigation participation than that found in this case.[17] In *Price* there was a 17 month delay, and in *Miller*

---

[16] *Frye v. Paine, Webber, Jackson & Curtis, Inc.*, 877 F.2d. 396, 398 (citing *Price v. Drexel Burnham Lambert, Inc.*, 791 F.2d 1156, 1159 (5thCir. 1986)).

[17]*Price v. Drexel Burnham Lambert, Inc.*, 791 F.2d 1156 (5th Cir. 1986); *Miller v. Forth Worth Distributing Co., Inc.*, 781 F.2d 494, 497 (5th Cir. 1986); *Sedco v. Petroleas Mexicanos Mexican National Oil Co.*, 767 F.2d 1140, 1150 (5th Cir. 1985).

there was a three and a half year delay.  In the case before the Court, the defendants filed their motion to compel 8 months from the filing of the complaint.  The Court does not find "substantial invocation of the litigation process" necessary to support waiver of arbitration under the facts of this case.

Additionally, the Court finds that there has been no showing of prejudice against the plaintiff who opposes arbitration in this case.  The defendant filed a motion to compel early in the litigation process, and the discovery thus far has not been of such magnitude that either party has been prejudiced by any undue expense or in any other manner.  Therefore the Court finds as a matter of law under the facts of this case that Pro-Line Boats has not waived its right to arbitration.

### III. Conclusion

The Court finds that the parties entered into a valid arbitration agreement.  The language of the arbitration provision is broad, and the dispute at issue, namely a claim of redhibition, is within the scope of that provision.  It is well recognized by the Fifth Circuit that a claim of rehibition is subject to arbitration, and therefore the plaintiff's claim is not precluded by Louisiana law.  Pro-Line Boats may use the doctrine of equitable estoppel to compel arbitration in this case and has not waived any such right.

THEREFORE: IT IS ORDERED that the defendants' motions to

Doc#45788                           10

compel arbitration and stay are granted.  This case shall be stayed
and administratively closed pending arbitration.  The parties shall
advise the Court of the final decision of the arbitration within 20
days of the decision being filed.

IT IS SO ORDERED.

Baton Rouge, Louisiana, March 11, 2009.


_____
FRANK J. POLOZOLA
MIDDLE DISTRICT OF LOUISIANA